IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Derrick DL Brunson, | Case No. 4:24-cv-00207-JDA-KDW |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Investigator Alvin Worsley, Florence County Sheriff's Office, | |
| Defendants. | |

    This matter is before the Court on Plaintiff's appeal to the District Court of the Magistrate Judge's Order dated October 9, 2025.  [Doc. 105.]  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings.

    On July 31, 2025, the Magistrate Judge issued a Text Order denying as moot Plaintiff's motion to compel [Doc. 81], denying Plaintiff's motion requesting leave/permission of court for further discovery [Doc. 82], and denying as moot Plaintiff's motion to hold summary judgment response in abeyance [Doc. 84].  [Doc. 86.]

    On August 11, 2025, Plaintiff failed a motion to amend/correct the Magistrate Judge's Text Order.  [Doc. 90.]  On September 15, 2025, Plaintiff filed a motion for expenses for failures in discovery and disclosures.  [Doc. 97.]  The Magistrate Judge denied both motions on October 9, 2025.  [Doc. 103.]  Plaintiff now appeals the Magistrate Judge's decision.  [Doc. 105.]

    Rule 72(a) of the Federal Rules of Civil Procedure permits a party to appeal a magistrate judge's ruling on non-dispositive, pretrial matters.  In such circumstances,

"[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(A); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); *United States v. Wooden*, 693 F.3d 440, 451 (4th Cir. 2012) ("A court reviewing for clear error may not reverse a lower court's finding of fact simply because it would have decided the case differently. Rather, a reviewing court must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed." (cleaned up)).

The Court has reviewed the Magistrate Judge's Order for clear error. In denying Plaintiff's motion to amend/correct, the Magistrate Judge noted that Plaintiff declined to file a reply in support of its motion to compel. [Doc. 103 at 11.] That said, Plaintiff's motion to amend/correct—filed 12 days after the Magistrate Judge issued a ruling on the motion to compel—asks the Court to "consider arguments Plaintiff seeks to make three weeks after Defendants filed their response and after the court considered both parties' arguments." [*Id.*] Moreover, Plaintiff's motion to amend/correct exceeds the page limits set forth in Local Civil Rule 7.05(B)(2), D.S.C. [*Id.*]

The Court finds no clear error in the Magistrate Judge's decision. As an initial matter, this Court's deadlines are not optional. *See Choice v. ThyssenKrupp Indus. Servs., NA*, No. 6:13-cv-479-TMC, 2015 WL 2364926, at *1 n.2 (D.S.C. May 18, 2015) (stating that "filing deadlines in federal court established by statute, rule, or order, are not suggestions but rather requirements imposed to promote the timely and orderly disposition of cases and management of the court's docket"). Moreover, Plaintiff's motion

to amend/correct functions as a motion for reconsideration. Such a motion is "not proper where it only asks the Court to rethink its prior decision[] or presents a better or more compelling argument that the party could have presented in the original briefs on the matter." *Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys.*, No. 1:05CV955, 2011 WL 6934696, at *2 (M.D.N.C. Dec. 30, 2011) (internal quotation marks omitted). Because Plaintiff cannot meet the strict standards applicable to motions for reconsideration,* the Court finds no clear error in the Magistrate Judge's decision.

Regarding Plaintiff's motion for expenses, the Magistrate Judge determined that sanctions were unwarranted because Defendant Worsely conducted discovery in good faith. [Doc. 103 at 11–16; *see id.* at 15 ("[T]here is no indication in the record before this court that [Defendant Worsley] responded to discovery in bad faith, and he has since modified his responses to discovery. As to any prejudice suffered on the part of Plaintiff, Plaintiff does not readily indicate that he has suffered any prejudice in this case. Plaintiff

---

* "The Federal Rules of Civil Procedure do not set out any standard for reconsideration of interlocutory orders," *Akeva LLC v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565 (M.D.N.C. 2005), but provide only that

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Under this Rule, the Court may revisit discovery orders prior to final judgment. *See United States v. Duke Energy Corp.*, 218 F.R.D. 468, 473–74 (M.D.N.C. 2003). "[C]ourts applying Rule 54(b) have borrowed factors from Rule 59(e) and Rule 60(b), which include (1) evidence not previously available has become available, (2) an intervening change in the controlling law, (3) a clear error of law or manifest injustice, (4) mistake, inadvertence, surprise or excusable neglect, or (5) any other reason justifying relief from the operation of the judgment." *McGhee v. United States*, No. 5:09-CT-3192-BO, 2011 WL 2976274, at *1 (E.D.N.C. Jul. 22, 2011).

3

was able to obtain the discovery related to his concerns, as well as supplemental discovery responses from Defendants once the discrepancies became apparent. Were the court to impose any sort of sanctions as a result of Defendant's faulty memory, the court does not find that any deterrence would be met. Finally, the court already granted Plaintiff's Motion to Compel and provided Defendants a short window of time to provide any supplemental information to Plaintiff.").] Given the applicable law under Federal Rules of Civil Procedure 37(d)(3), 37(a)(5)(A), 56(g), and 56(h) [*see* Doc. 103 at 13–16], the Court agrees that Defendant Worsley's good faith defeats Plaintiff's request for sanctions.

Given the foregoing analysis, the Court AFFIRMS the Magistrate Judge's Order denying Plaintiff's motion to amend/correct [Doc. 90] and motion for expenses [Doc. 97]. [Doc. 103.]

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

November 17, 2025
Florence, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.